**IN THE DISTRICT COURT IN AND FOR THE
NORTHERN DISTRICT OF FLORIDA,
PENSACOLA DIVISION**

**BRETT PERSON, as Trustee
of the Ann Tucker Person Florida
Qualified Personal Residence Trust,**

    Plaintiff.

v.                                                                               Case No. _____

**ALL CLEAR RESTORATION**                        **JURY TRIAL DEMANDED**
**& REMEDIATION, LLC,**

    Defendant.

---

**COMPLAINT**

**And Demand for Jury Trial**

COMES NOW PLAINTIFF, BRETT PERSON, as Trustee of the Ann Tucker Person Florida Qualified Personal Residence Trust ("Person"), by and through the undersigned counsel, and hereby sues Defendant, ALL CLEAR RESTORATION & REMEDIATION, LLC ("All Clear"), and alleges as follows:

Jurisdiction & Venue

1. This is an action for negligent misrepresentation, fraudulent misrepresentation, conversion, and civil theft, all of which claims arise from and relate to All-Clear's performance of water mitigation services at real property owned by Person and located in Walton County, Florida.

2. The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorney's fees.

3. Person is now and was at all times relevant to the events alleged herein, domiciled in and a citizen of the State of Mississippi.

4. All-Clear is now and was at all times relevant to the events alleged herein, a Florida limited liability company conducting business in Walton County, Florida.

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332(c)(1) since the parties are diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. Venue is proper in this Court because the services that form the basis of Person's claims were performed in Walton County, Florida and because All-Clear's actions and omissions occurred in Walton County, Florida.

Factual Allegations Common to All Counts

7. All-Clear is a general contractor.

8. Person owns Penthouse Unit 4651, Southwinds III at Sandestin, 4651 Southwinds Drive, Miramar Beach, Walton County, Florida ("the Property").

9. In 2021, All-Clear inspected the Property, which was previously damaged due to water intrusion.

10. Based upon its inspection, All-Clear represented to Person that certain water intrusion mitigation services ("the Mitigation Services") needed to be performed at the Property. All-Clear estimated that the Mitigation Services would cost $218,741.99. A copy of All-Clear's estimate ("the Estimate") is attached hereto as Exhibit "A".

11. Person authorized All-Clear to proceed with the Mitigation Services.

12. All-Clear ostensibly completed the Mitigation Services at the Property and delivered invoices relating thereto to Person. A copy of said invoices ("the Invoices") is attached hereto as Exhibit "B".

13. Upon Person's receipt of the Invoices, he remitted payments to All-Clear in the total amount of $207,372.00.

14. Thereafter, in May 2022, third-party claim administrator, Suredge, reviewed and evaluated All-Clear's Estimate and Invoices. As a result, Suredge identified $104,218.76 of billings that were erroneous and/or incorrect and/or improper. A copy of the Final Disposition report from Suredge, describing the basis for its findings and adjustment, is attached hereto as Exhibit "C".

15. All-Clear's estimator/project manager, Norman Webb, admitted that the Estimate and Invoices were not accurate. Mr. Webb agreed that the true value of the Mitigation Services was actually $114,523.23. A copy of the document ("the

Stipulated Reduction") wherein Mr. Webb so agreed is attached hereto as Exhibit "D".

16. Mr. Webb did not: (a) inform Person that the Invoices Person previously paid were not accurate; (b) advise Person that he reduced the amount of the Invoices by $104,218.76; or (c) inform Person that he (Person) was due a partial refund of the payments that he previously remitted to All-Clear.

17. All-Clear did not: (a) inform Person that the Invoices Person previously paid were not accurate; (b) advise Person that Mr. Webb reduced the amount of the Invoices by $104,218.76; or (c) inform Person that he (Person) was due a partial refund of the payments that he previously remitted to All-Clear.

18. In or around the summer of 2022, Person became aware of the Stipulated Reduction and contacted All-Clear regarding same. Person requested, on several occasions, a refund from All-Clear of $92,849.23, the amount of Person's overpayment to All-Clear resulting from the Stipulated Reduction.

19. All-Clear rejected Person's refund requests and failed and refused to refund any of Person's overpayments.

**COUNT ONE: NEGLIGENT MISREPRESENTATION**

20. Person incorporates Paragraphs 1-19 above, by reference, as if specifically stated herein.

21. The Estimate and Invoices contained representations of material fact that were incorrect and, as such, the Estimate and Invoices overstated and exaggerated the real, true value of the Mitigation Services.

22. All-Clear should have known that the Estimate and the Invoices included such misrepresentations, and All-Clear was negligent in failing to recognize same.

23. All-Clear intended that the Estimate and the Invoices, by virtue of the delivery thereof to Person, would: (a) cause Person to rely thereupon; and (b) induce Person to remit payment to All-Clear.

24. Person justifiably relied upon the Estimate and the Invoices in his remission of payments to All-Clear.

25. As a proximate result of such reliance, Person was damaged. Such damage consists of, without limitation, Person's $92,849.23 overpayment to All-Clear.

WHEREFORE, Person demands that final judgment for monetary damages be entered against All-Clear, together with pre-judgment interest, legal costs, and such other and further relief as the Court may deem appropriate.

## COUNT TWO:  FRAUDULENT MISREPRESENTATION

26. Person incorporates Paragraphs 1-19 above, by reference, as if specifically stated herein.

27. The Estimate and Invoices included representations of material fact that were inaccurate and incorrect and that, consequently, misrepresented and overstated the true value of the Mitigation Services.

28. All-Clear knew that the Estimate and Invoices contained such misrepresentations. Alternatively, All-Clear delivered the Estimate and Invoices to Person even though All-Clear knew that it was without sufficient knowledge of the truth or falsity of the Estimate and the Invoices.

29. All-Clear intended that the Estimate and Invoices, by virtue of the delivery thereof to Person, would: (a) cause Person to rely thereupon; and (b) induce Person to remit payment to All-Clear.

30. Person justifiably relied upon the Estimate and Invoices in his remission of payment to All-Clear.

31. As a proximate result of such reliance, Person was damaged. Such damage consists of, without limitation, Person's $92,849.23 overpayment to All-Clear.

32. All-Clear's conduct as alleged above was in furtherance of its own private interests, and was willful, malicious, wanton, and oppressive, and done with conscious and callous indifference to the consequences. Accordingly, Person is entitled to an award of punitive damages from All-Clear in an amount to be proven at trial.

WHEREFORE, Person demands that final judgment for monetary damages be entered against All-Clear, together with prejudgment interest, legal costs, and such other and further relief as the Court may deem appropriate. Person also demands that punitive damages be awarded against All-Clear.

### COUNT THREE:  CONVERSION

33. Person incorporates Paragraphs 1-19 above, by reference, as if specifically stated herein.

34. All-Clear overbilled Person by $104,218.76. The total amount of billings that All-Clear should have remitted to Person for the Remediation Services was $114,523.23.

35. Person paid All-Clear $207,372.00 for the Mitigation Services and therefore Person overpaid All-Clear in the amount of $92,849.23.

36. By failing and refusing to refund the above-referenced overpayment, after it became aware of the overpayment, All-Clear deprived Person of his use of the overpaid funds.

37. There was and is no legitimate or legal basis for All-Clear to refuse to refund the overpaid funds to Person.

WHEREFORE, Person demands that final judgment for monetary damages be entered against All-Clear, together with prejudgment interest, legal costs, and such other and further relief as the Court may deem appropriate.

## **COUNT FOUR:  CIVIL THEFT**

38. Person incorporates Paragraphs 1-19 above, by reference, as if specifically stated herein.

39. By May 2022, All-Clear was aware that its billings to Person for the Mitigation Services were overstated, inflated, and inaccurate.  In fact, by May 2022, All-Clear stipulated to a $114,523.23 reduction of its billings to Person for the Mitigation Services.

40. In the summer of 2022, Person requested from All-Clear a refund of the money that Person overpaid for the Mitigation Services.

41. All-Clear failed and refused to refund any of Person's overpayments even though All-Clear knew that it did not have any legal or legitimate basis to continue to keep such funds.

42.  Pursuant to §772.11, *Florida Statutes*, Person delivered a civil theft demand letter to All-Clear.  A copy of said letter is attached hereto as Exhibit "E".  Documents demonstrating the delivery of said letter to All-Clear on November 28, 2022 are attached hereto as Exhibit "F".

43. All-Clear failed to respond or reply to the above-referenced letter and refused to return or refund any of Person's overpayments.

44. All-Clear's knowing and intentional actions with respect to Person's overpaid funds demonstrate a clear felonious intent by All-Clear to keep the overpaid

funds for itself and to permanently deprive Person of the use and benefit of such funds.

45. As a proximate result of All-Clear's actions, Person was damaged.

46. Pursuant to §772.11, *Florida Statutes*, Person is entitled to recover from All-Clear three (3) times the amount of Person's actual damages, which is $278,547.69.

47. Person has retained the undersigned attorney to represent him in this matter and is obliged to pay said attorney a fee for his legal services. Person is entitled to recoup and recover such attorney's fees from All-Clear pursuant to §772.11, *Florida Statutes*.

WHEREFORE, Person demands that final judgment for monetary damages be entered against All-Clear, together with attorney's fees, prejudgment interest, legal costs, and such other and further relief as the Court may deem appropriate.

**PERSON REQUESTS A TRIAL BY JURY ON EACH
AND ALL OF THE COUNTS STATED HEREIN**

/s/ John Trawick
John Trawick
FL Bar #:  67407
John B. Trawick, PLLC
3298 Summit Blvd., Suite 5
Pensacola, Florida 32503
(850) 476-0495
john@jbtrawicklaw.com
lisa@jbtrawicklaw.com
*Attorney for Plaintiff*